**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| GUEST TEK INTERACTIVE ENTERTAINMENT LTD., | CASE NO. _____ |
| Plaintiff, | |
| v. | |
| EXCEPTIONAL INNOVATION, INC., | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Guest Tek Interactive Entertainment Ltd. ("Guest Tek" or "Plaintiff"), for its Complaint against Defendant Exceptional Innovation, Inc. ("Defendant"), alleges as follows:

**Nature of the Action**

1.      This is an action for infringement of United States Patent Nos. 9,137,281 ("the 281 Patent") and 9,781,172 ("the 172 Patent") (collectively, "the Patents-in-Suit") under the patent laws of the United States, 35 U.S.C. §§ 1 et seq.

**The Parties**

2.      Guest Tek is a corporation organized and existing under the laws of the province of Alberta, Canada with a place of business at Suite 600, 777 8 Ave., SW, Calgary, Alberta, T2P 3R5, Canada.

3.      Upon information and belief, Defendant is a corporation organized and existing under the laws of the State of Ohio, with its principal place of business at 480 Olde Worthington Road, Suite 350, Westerville, Ohio, 43082.

**Jurisdiction and Venue**

4.      This action arises under the patent laws of the United States, 35 U.S.C. §§ 1 et seq.  This

         Court has subject matter jurisdiction over the action under 28 U.S.C. §§ 1331 and

         1338(a).

5.      This Court has jurisdiction over Defendant as it is incorporated under the laws of the

         State of Ohio.

6.      Venue is proper in this judicial district under 28 U.S.C. §1400(b).

**Background**

7.      On  September 15, 2015, the 281 Patent, titled "Dynamically Enabling Guest Device

         Supporting Network-Based Media Sharing Protocol To Share Media Content Over Local

         Area Computer Network Of Lodging Establishment With Subset Of In-Room Media

         Devices Connected Thereto," was duly and legally issued by the United States Patent and

         Trademark Office ("USPTO") to inventors Peter S. Warrick, Brendan G. Cassidy,

         Lindsey M. Carriere and Michael D. McCarthy.  A true and correct copy of the 281

         Patent is attached to this Complaint as Exhibit A.

8.      On October 3, 2017, the 172 Patent, titled "Media Proxy That Transparently Proxies

         Network-Based Media Sharing Protocol Between Guest Device And An Associated One

         Of A Plurality Of Media Devices," was duly and legally issued by the USPTO to

         inventors Peter S. Warrick, Brendan G. Cassidy, Lindsey M. Carriere and Michael D.

         McCarthy.  A true and correct copy of the 172 Patent is attached to this Complaint as

         Exhibit B.

9.      Guest Tek is the owner, by assignment registered in the USPTO, of the entire right, title,

         and interest in the Patents-in-Suit.

10.      Guest Tek is a global leader in broadband technology and interactive solutions for the hospitality industry.  Among Guest Tek's products are its OneView Internet and OneView Media solutions that allow hotels to offer internet and media services to their guests ("OneView Products").

11.      The OneView Products are covered by at least one claim of each of the Patents-in-Suit. Guest Tek complies with the marking requirements of 35 U.S.C. § 287 by affixing an address to a posting of the Patents-in-Suit on a software display of the system embodying the OneView Products sold in the U.S.

12.      Guest Tek has incurred significant costs in connection with the research, development, and marketing done in connection with OneView Products.  Guest Tek's OneView Products have achieved substantial commercial success and won praise from the industry.

13.      Upon information and belief, Defendant currently makes, uses, sells and/or offers to sell in, and/or imports into, the United States, and/or has made, used, sold and/or offered to sell in, and/or import into, the United States, either directly and/or through or in cooperation with others, a product known as the Exceptional Innovation IQx Platform ("IQx Platform") including the Model STB-4000 Set-Top Box ("STB-4000") (together the IQx Platform and STB-4000 are referred to as the "Infringing Products").

**The Infringing Products**

14.      Guest Tek and Defendant are direct competitors in the market for interactive solutions for the hospitality industry. Guest Tek's OneView Products compete against Defendant's Infringing Products.

15.     Upon information and belief, Defendant makes, uses, sells, and/or offers for sale the

Infringing Products to hotels directly, as well as through a family of related companies

including interTouch and Quadriga as demonstrated by the company website[1]:



16.     Through these companies, Defendant distributes the Infringing Products, which provides

hotels and other hospitality venues with products that includes in-room entertainment[2]:



---

[1] www.exceptionalinnovation.com (last visited Oct. 27, 2017).

[2] *Id.*

17.    The IQx Platform is partially based on the STB-4000.  The STB-4000 is illustrated and
       described in the STB-4000 User Manual, attached hereto as Exhibit C (the "STB-4000
       User Manual"):



18.    As described in the STB-4000 User Manual, the STB-4000 connects to a hotel network
       and provides a virtual local area network ("LAN") by which a hotel guest can stream
       audio and video from a personal device to an in-room TV connected to the STB-4000:

## HDMI Output for Streaming TV

The right-side rear-panel HDMI port accepts an HDMI cable for connecting audio and video to a TV
HDMI input. This port is dedicated to streaming video/audio using an internally mounted device such as
Chromecast.

19.    As described in the STB-4000 User Manual, the STB-4000 provides a proxy to an
       internal Chromecast media device:

## HDMI Chromecast Connection to TV

The HDMI connection for Chromecast requires that the Chromecast media device be installed inside the
STB-4000 chassis.

20.     As described on the interTouch website, which shares a common home page with the

Defendant, interTouch also offers the IQx platform and notes that it is powered by the

Defendant:[3]



21.     As described on the Quadriga website, which shares a common home page with the

Defendant, Quadriga also offers the IQx platform and notes that it is powered by the

Defendant:[4]

---

[3] http://www.intertouch.com/solutions/iqx-platform/ (last visited Oct. 27, 2017).

[4] http://www.quadriga.com/solutions/iqx-platform/ (last visited Oct. 27, 2017).





22.    interTouch and Quadriga share the same executive team as evidenced by the company

       websites.[5]

23.    Seale Moorer, the Chief Executive Officer for all three companies, indicates on his

       biography that he cofounded "Exceptional Innovation and in 2013, he added The

       SmarTV Company, LLC to the EI portfolio followed by additional acquisitions of

       Quadriga and interTouch in 2015."[6]

**Count I: Direct Infringement of the 281 Patent**

24.    Guest Tek incorporates each of the preceding paragraphs as if fully set forth herein.

25.    Hotel guests frequently carry a personal device, such as a smart phone, tablet, or

       computer.  A hotel guest may desire to render media content stored on or available via

       her personal device on the media device in her guest room.  For example, a hotel guest

       may have photos or music stored on her personal device that she desires to render on the

---

[5] *See* http://exceptionalinnovation.com/company/regional-team/; http://www.intertouch.com/company/regional-team/; http://www.quadriga.com/company/regional-team/ (all last visited on Oct. 27, 2017).

[6] *Id.*

7

guest room's media device. Or, she may wish to stream subscription programming available via her personal device, e.g., Netflix, to the media device in her guest room.

26. The 281 Patent is directed to a media system and method for operating a media system that selectively allows hotel guests to stream media content stored on, or available through, their personal devices to the media device in their guest room via the hotel's computer network.

27. The system and method described and claimed in the 281 Patent prevents the media content on a hotel guest's personal device from being streamed to a media device in another guest room.

28. Claim 1 of the 281 Patent is reproduced below and each paragraph has been annotated with an identifying letter:

A media system comprising:

a) a local area computer network installed at a hospitality establishment, the hospitality establishment being a lodging establishment;

b) a plurality of media devices coupled to the computer network and located in a plurality of guest rooms of the hospitality establishment, the media devices being audio-visual ("AV") entertainment devices providing media functions within the guest rooms to guests of the hospitality establishment; and

c) a system controller coupled to the computer network;

d) wherein the computer network allows a guest device supporting a network-based media sharing protocol to be coupled thereto, the guest device operated by a guest of the hospitality establishment;

e)      the computer network by default prevents the guest device from utilizing the network-based media sharing protocol to share media content with the media devices;

f)      the system controller selects a subset of the media devices for which media sharing is to be enabled for the guest device, the subset including at least one of the media devices but not all of the media devices, the subset of the media devices for which media sharing is to be enabled for the guest device being located in a specific guest room of the hospitality establishment;

g)      the system controller dynamically reconfigures one or more components of the computer network in response to an event occurrence to enable the guest device to utilize the network-based media sharing protocol to share media over the computer network with only the subset of the media devices;

h)      at least one of the components is a media proxy that supports the network-based media sharing protocol;

i)      the computer network blocks multicast announcements from the media devices from reaching the [g]uest device;

j)      the media proxy periodically multicasts an announcement according to the network-based media sharing protocol that indicates the media proxy is available on the computer network;

k)      the computer network allows the [g]uest device to receive the announcement from the media proxy;

l)      the computer network allows the guest device to discover and share media with the media proxy utilizing the network-based media sharing protocol;

m)   the media proxy by default does not reroute media shared by the guest device to any of the media devices;

n)   the system controller dynamically reconfigures the media proxy in response to the event occurrence to cause the media proxy to reroute media shared by the guest device to one or more of the subset of the media devices;

o)   at least one of the subset of the media devices supports the network-based media sharing protocol; and

p)   when rerouting media shared by the [g]uest device to the one or more of the subset of the media devices, the media proxy redirects a media stream received from the [g]uest device to the at least one of the subset of the media devices that supports the network-based media sharing protocol.

29.   The factual allegations of paragraphs 30 through 45 are upon information and belief.

30.   Without authorization from the Plaintiff, Defendant makes, uses, sells and/or offers to sell in, and/or imports into, the United States, and/or has made, used, sold and/or offered to sell in, and/or import into, the United States, either directly and/or through or in cooperation with others, media systems for hotels that are covered by at least claim 1 of the 281 Patent.

31.   The media systems made by Defendant comprise the STB-4000. Particularly, the STB-4000 is an AV entertainment device having media functions that allow a hotel guest to, for example, access the internet, play music, play games, and watch video programming on a device, such as a television, connected to the STB-4000.

32.   The media systems made by Defendant comprise a plurality of STB-4000's located in a plurality of guest rooms. The STB-4000's include a Chromecast media device installed

therein.  Thus, Defendant's media systems comprise a "plurality of media devices" as recited by paragraph b) of claim 1.

33.     Each STB-4000 includes a central processing unit ("CPU") connected to a computer network, as set forth below.  Thus, Defendant's media systems comprise a "system controller" as recited by paragraph c) of claim 1.

34.     Within a hotel using Defendant's media system, the plurality of STB-4000's, including their CPU's, are connected to the same hotel network forming a LAN, as recited by paragraph a) of claim 1. The LAN includes a WiFi network.

35.     Within a hotel using Defendant's media system, a hotel guest can connect a personal device to the LAN, for example, via the WiFi network.  By default, the LAN prevents the personal device from sharing content with a STB-4000.

36.     By way of example, some of the service set identifiers ("SSIDs") (the names associated with the WiFi network) presented by the LAN connect a guest device to an STB-4000 that supports Chromecast, but no connection can be established with them until the guest takes further action.  In addition, the LAN prevents the personal device from utilizing Chromecast on SSID's to which the guest is not connected.  Thus, Defendant's media systems comprise the structure and functionality recited by paragraphs d) and e) of claim 1.

37.     Within a hotel using Defendant's media system, an STB-4000 can be configured by a guest to allow her personal device to share content with the STB-4000 in her guest room via a secure SSID created on the WiFi network.  When this has been done, the STB-4000 prompts the guest to begin a session by which content available via the personal device can be shared with the STB-4000 in her guest room.  By way of example, a guest can

select a Chromecast menu option via the STB-4000 such that a new SSID with an identifier associated with the guest room is presented, and the guest can connect her personal device to the LAN via the new SSID. Once a connection to the new SSID has been made, the guest is prompted to begin a Chromecast session. Once the guest has responded to the prompt so as to begin a Chromecast session, a prompt is presented to the guest stating "Simply tap the Cast button in an app and choose a video to play on your TV." In response to the guest selecting "Okay" via the STB-4000's remote control, the guest is able to share media, using Chromecast, with the Chromecast media device within the STB-4000 via her personal device. Thus, at least one component of the LAN is dynamically reconfigured in response to the guest responding to the prompt. Accordingly, Defendant's media systems comprise the structure and functionality recited by paragraphs f) and g) of claim 1.

38. Within a hotel using Defendant's media system, each STB-4000 that has been configured as recited above serves as a proxy between the guest's personal device and the Chromecast media device within the STB-4000 because it proxies data (content) between the guest's personal device and the Chromecast media device. Thus, at least one of the components is a "media proxy" as recited by paragraph h) of claim 1.

39. Within a hotel using Defendant's media system, the LAN broadcasts multicast announcements that contain information about traffic on the LAN to personal devices connected to the LAN. When a personal device is connected to the LAN via an SSID associated with a Chromecast session, the multicast announcement includes information about the Chromecast session. When the personal device is connected to the LAN via a different SSID, there is no information about the Chromecast session in the multicast

announcement. Thus, Defendant's media systems comprise the structure and functionality recited by paragraphs i), j) and k) of claim 1.

40.     Within a hotel using Defendant's media system, and as set forth above, once a Chromecast session has been initiated, the LAN has discovered the guest's personal device and allows content to be shared with the STB-4000 via the personal device. Thus, Defendant's media systems comprise the structure and functionality recited by paragraph l) of claim 1.

41.     Within a hotel using Defendant's media system, by default, the STB-4000 will not route content that it has received from the guest's personal device to any of the Chromecast media devices, and hence the content will not be rendered on a TV or other AV device connected thereto. Thus, Defendant's media systems comprise the structure and functionality recited by paragraph m) of claim 1.

42.     Within a hotel using Defendant's media system, and as set forth above, once the guest has responded to the prompt and a Chromecast session has been initiated, the CPU allows the STB-4000 to route the content that it receives from the guest's personal device to a Chromecast media device and media playback begins. Thus, Defendant's media systems comprise the structure and functionality recited by paragraph n) of claim 1.

43.     Within a hotel using Defendant's media system, and as set forth above, the STB-4000 in the guest room was configured to allow a Chromecast session. Thus, Defendant's media systems comprise the structure and functionality recited by paragraph o) of claim 1.

44.     Within a hotel using Defendant's media system, and as set forth above, once a Chromecast session has been initiated, the CPU redirects the media stream from the guest's personal device to the internally installed Chromecast media device within the

STB-4000. The output of the Chromecast media device is sent via the STB-4000's

Chromecast HDMI port, to the TV or other AV equipment connected thereto. Thus,

Defendant's media systems comprise the structure and functionality recited by

paragraph p) of claim 1.

45. Defendant has directly infringed, and continues to directly infringe, at least claim 1 of the

281 Patent by making, using, selling and/or offering for sale in the United States media

systems—part of Defendant's Infringing Products—as described above.

46. As a direct result of Defendant's infringing acts, Guest Tek has suffered and will

continue to suffer damage and irreparable harm.

47. Unless Defendant and those acting in active concert with Defendant are enjoined from

infringing the 281 Patent, Guest Tek will suffer irreparable injury for which damages are

an inadequate remedy.

**Count II: Direct Infringement of the 172 Patent**

48. Guest Tek incorporates each of the preceding paragraphs as if fully set forth herein.

49. The 172 Patent is directed to a media proxy that selectively allows hotel guests to stream

media content stored on, or available through, their personal devices to a media device in

their guest room via the hotel's computer network.

50. The media proxy described and claimed in the 172 Patent facilitates sharing of media

content from the hotel guest's personal device with the media device in her guest room

and prevents media content from also being streamed to the media device in another

guest room.

51. Claim 1 of the 172 Patent is reproduced below and each paragraph thereof has been

annotated with an identifying letter:

52.     A media proxy comprising:

a)      a storage device storing a plurality of software instructions and a set of proxy rules;

b)      a network interface coupled to a computer network; and

c)      one or more processors coupled to the storage device and the network interface; wherein, by the one or more processors executing the software instructions loaded from the storage device, the one or more processors are operable to cause the media proxy at least to:

d)       update the set of proxy rules to associate an identifier of a guest device with a subset of a plurality of media devices in response to a first event occurrence;

e)      wherein the guest device is operable by a guest of a hospitality establishment;

f)      the media devices are AV entertainment devices located within guest rooms of the hospitality establishment, are streaming destinations capable of playing media content initiated by the guest device utilizing a network based media sharing protocol, and are isolated from the guest device such that the media devices are not directly accessible over the computer network by the guest device;

g)      the subset of the media devices represents one or more of the media devices for which media sharing is to be enabled for the guest device; and

h)      the subset of the media devices includes at least one of the media devices but not all of the media devices;

i)      receive from the guest device via the computer network a query for available media devices supporting the network based media sharing protocol;

j)    send via the computer network a reply announcing availability of the media proxy as a streaming destination supporting the network-based media sharing protocol at a network address of the media proxy on the computer network;

k)    receive from the guest device at the network address of the media proxy an incoming request to initiate media streaming playback utilizing the network-based media sharing protocol;

l)    perform at least one transparent proxy operation between the guest device and a selected one of the subset of the media devices determined to be associated with the identifier of the guest device according to the set of proxy rules thereby enabling the guest device to initiate media streaming playback on the selected one of the subset of the media devices according to the network-based media sharing protocol; and

m)    send an input port selection command to a display device located in a guest room of the hospitality establishment, the input port selection command causing the display device to switch to a first input port and begin playing media initiated for playback on the selected one of the subset of the media devices, the media initiated for playback on the selected one of the subset of the media devices being received by the display device on the first input port.

53.    The factual allegations of paragraphs 54 through 63 are upon information and belief.

54.    Without authorization from Plaintiff, Defendant makes, uses, sells and/or offers to sell in, and/or imports into, the United States, and/or has made, used, sold and/or offered to sell in, and/or import into, the United States, either directly and/or through or in cooperation

with others, media proxies for hotels that are covered by at least claim 1 of the 172 Patent.

55. The STB-4000 is an AV entertainment device having media functions that allow a hotel guest to, for example, use a personal device to access the internet, play music, play games, and watch video programming on a device, such as a television, connected to the STB-4000. At least one of the components is a media proxy.

56. Each STB-4000 includes a CPU and a memory and an interface for connecting to a computer network as recited by paragraphs a), b), and c) of claim 1. Thus, Defendant's STB-4000 comprise a one or more processors coupled to a storage device and the network interface. The CPU executes software instruction from the storage device as recited by paragraph c) of claim 1.

57. When a guest device connects to the STB-4000 by way of the network, the STB-4000 stores information about the guest device. When desired by the hotel guest, the STB-4000 further associates the guest device with the Chromecast media device installed within the STB-4000 to enable casting operations. Therefore, Defendant's media proxy comprises the structure and functionality recited by paragraph d) of claim 1.

58. The STB-4000 is designed to operate with a personal device of a hotel guest. Thus, Defendant's media systems comprise the structure and functionality recited by paragraph e) of claim 1.

59. The STB-4000 is designed to connect to a hotel network to extend the LAN within a guest room and to connect to a TV. The network connection allows a personal device that supports a network-based media sharing protocol (e.g., Chromecast) to connect to the STB-4000 by way of the LAN in order to initiate media content playback on the

Chromecast media device installed within the STB-4000 for playback on the TV. A separate STB-4000 is installed in each of plurality of hotel rooms, and the Chromecast media device within each STB-4000 is not directly accessible to the guest personal device. Thus, Defendant's media systems comprise the structure and functionality recited by paragraph f) of claim 1.

60. Media sharing functions on the Chromecast media device within the STB-4000 as initiated by the guest device is selectively enabled by the STB-4000. The STB-4000 controls whether the guest device is able to initiate media content playback on that Chromecast media device. Thus, Defendant's media systems comprise the structure and functionality recited by paragraph g) of claim 1.

61. Within a hotel having Defendant's STB-4000, a guest can configure the STB-4000 so as to allow her personal device to share content with the STB-4000 in her guest room via a secure SSID created on the WiFi network. The STB-4000 prompts the guest to begin a session by which content initiated via the personal device can be shared with the STB-4000 in her guest room. By way of example, a guest can select a Chromecast menu option via the STB-4000 such that a new SSID with a Chromecast identifier associated with the guest room is presented, and the guest can connect her personal device to the LAN via the new SSID. Once a connection to the new SSID has been made, the guest is prompted to begin a Chromecast session. Once the guest has responded to the prompt so as to begin a Chromecast session, a prompt is presented to the guest stating "Simply tap the Cast button in an app and choose a video to play on your TV." In response to the guest selecting "Okay" via the STB-4000's remote control, the guest is able to share media, using Chromecast, with the STB-4000 via her personal device. Accordingly,

Defendant's media systems comprise the structure and functionality recited by paragraphs g), h), i), j), and k) of claim 1.

62. Each STB-4000 that has been configured as recited above serves as a proxy between the guest's personal device and the Chromecast media device within the STB-4000 because it proxies data between the guest's personal device and the Chromecast media device. Once a Chromecast session has been initiated, the guest device can initiate media content playback and the LAN allows content to be shared with the STB-4000 for playback through the Chromecast media device. Thus, Defendant's media systems comprise the structure and functionality recited by paragraph l) of claim 1.

63. As set forth above, once a Chromecast session has been initiated, media content playing on the Chromecast media device is sent via a particular HDMI port on the STB-4000 to the in-room TV connected thereto. The CPU of the STB-4000 sends an input port selection command to the in-room TV causing the TV to switch its active HDMI port to the particular HDMI port that is coupled to the Chromecast media device. After the input port selection command is sent to the TV, the hotel guest sees on the in-room TV the media content playing on the Chromecast media device. Thus, Defendant's media systems comprise the structure and functionality recited by paragraph m) of claim 1.

64. Defendant has directly infringed, and continues to directly infringe, at least claim 1 of the 172 Patent by making, using, selling and/or offering for sale in the United States media proxies—part of Defendant's Infringing Products—as described above.

65. As a direct result of Defendant's infringing acts, Guest Tek has suffered and will continue to suffer damage and irreparable harm.

66.      Unless Defendant and those acting in active concert with Defendant are enjoined from infringing the 172 Patent, Guest Tek will suffer irreparable injury for which damages are an inadequate remedy.

## PRAYER FOR RELIEF

Guest Tek respectfully requests the following relief from this Court:

(a)      Judgment that Defendant has infringed one or more claims of each of the Patents-in-Suit;

(b)      Entry of a preliminary and permanent injunction against Defendant and those in privity with it and acting in concert with it from further acts of direct and indirect infringement of the Patents-in-Suit, such as through the making, selling, offering for sale and/or importing the Infringing Products and/or inducing other to use the Infringing Products;

(c)      An award to Guest Tek of damages adequate to compensate it for all infringement occurring through the date of judgment, with prejudgment interest, and for any supplemental damages as appropriate and post-judgment interest after that date;

(d)      An award of reasonable attorneys' fees and costs; and

(e)      An award of such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Federal Rule of Civil Procedure 38(b), Guest Tek hereby demands a trial by jury of all issues so triable.

Dated: October 31, 2017                   Respectfully submitted,

*/s/  Lauren M. Hilsheimer*
Lauren M. Hilsheimer  (0085389)
Email:   lhilsheimer@bakerlaw.com
Andrew E. Samuels  (0090189)
Email:   asamuels@bakerlaw.com
BAKER & HOSTETLER LLP
200 Civic Center Drive, Suite 1200
Columbus, OH  43215-4138
Telephone:   614-228-1541
Facsimile:    614-462-2616

Steven J. Rocci (*pro hac vice* application
forthcoming)
Email:   srocci@bakerlaw.com
BAKER & HOSTETLER LLP
2929 Arch Street
Cira Centre, 12th Floor
Philadelphia, PA  19104-2891
Telephone:   215-568-3100
Facsimile:    215-568-3439

Michael J. Swope (*pro hac vice* application
forthcoming)
Email:   mswope@bakerlaw.com
BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3600
Seattle, WA  98104-4040
Telephone:   206-332-1380
Facsimile:    206-624-7317

Attorneys for Plaintiff
GUEST TEK INTERACTIVE
ENTERTAINMENT LTD.