# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| GUEST TEK INTERACTIVE ENTERTAINMENT LTD., <br><br> Plaintiff, <br><br> v. <br><br> EXCEPTIONAL INNOVATION, INC., <br><br> Defendant. <br><br> EXCEPTIONAL INNOVATION, INC., <br><br> Counterclaimant, <br><br> v. <br><br> GUEST TEK INTERACTIVE ENTERTAINMENT LTD., <br><br> Counterdefendant. | Case No. 2:17cv00963 <br><br> Judge Algenon L. Marbley <br><br> Magistrate Judge Chelsey M. Vascura <br><br> JURY TRIAL DEMANDED |

## DEFENDANT EXCEPTIONAL INNOVATION'S ANSWER TO COMPLAINT AND COUNTERCLAIMS

Defendant Exceptional Innovation, Inc. ("Exceptional Innovation") hereby responds to the Complaint of Guest Tek Interactive Entertainment Ltd. ("Guest Tek"):

## NATURE OF THE ACTION

1. Exceptional Innovation admits that the Complaint is captioned "Complaint for Patent Infringement" and states that it is an action for infringement of U.S. Patent Nos. 9,137,281 (the "'281 Patent") and 9,781,172 (the "'172 Patent"), and otherwise denies the remaining allegations in paragraph 1 of the Complaint.

## THE PARTIES

2. Exceptional Innovation admits the allegations in paragraph 2 of the Complaint.

3. Exceptional Innovation admits the allegations in paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4. Exceptional Innovation admits that the Complaint purports to present two counts of direct infringement, and that the Court has subject matter jurisdiction over patent claims.

5. Exceptional Innovation admits the allegations in paragraph 5 of the Complaint.

6. Exceptional Innovation admits the allegations in paragraph 6 of the Complaint.

## BACKGROUND

7. Exceptional Innovation admits that the U.S. Patent and Trademark Office issued the '281 patent as purportedly titled in paragraph 7 of the Complaint, and Exceptional Innovation lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 7 of the Complaint, and therefore denies those allegations.

8. Exceptional Innovation admits that the U.S. Patent and Trademark Office issued the '172 patent as purportedly titled in paragraph 8 of the Complaint, and Exceptional Innovation lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 8 of the Complaint, and therefore denies those allegations.

9. Exceptional Innovation lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 9 of the Complaint, and therefore denies those allegations.

10. Exceptional Innovation admits that Guest Tek makes and sells products called One-View Internet, and Exceptional Innovation lacks knowledge or information sufficient to

form a belief about the truth of the remaining allegations in paragraph 10 of the Complaint, and therefore denies those allegations.

11.     Exceptional Innovation lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 11 of the Complaint, and therefore denies those allegations.

12.     Exceptional Innovation lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 12 of the Complaint, and therefore denies those allegations.

13.     Exceptional Innovation admits that it provides an IQx Platform and an STB-4000 product in the United States, and denies the remaining allegations of paragraph 13 of the Complaint.

14.     Exceptional Innovation lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14 of the Complaint, and therefore denies those allegations.

15.     Exceptional Innovation admits that it and interTouch and Quadriga have offered and/or provided an IQx Platform and an STB-4000 product to hotels.  Exceptional Innovation denies the remaining allegations of paragraph 15 of the Complaint.

16.     Exceptional Innovation admits that it and interTouch and Quadriga have offered and/or provided an IQx Platform and an STB-4000 product to hotels.  Exceptional Innovation denies the remaining allegations of paragraph 16 of the Complaint.

17.     Exceptional Innovation admits that IQx Platform can, but need not be implemented with an STB-4000 product, and admits that Exhibit C of the Complaint is titled "STB-4000 User Guide" which includes an illustration captioned "STB-4000 Set-Top Box" and

which mentions unit features. Exceptional Innovation denies the remaining allegations of paragraph 17 of the Complaint.

18. Exceptional Innovation admits that Exhibit C of the Complaint mentions an "Ethernet port for connecting to the hotel network" and an "HDMI Output for Streaming TV." Exceptional Innovation denies the remaining allegations of paragraph 18 of the Complaint.

19. Exceptional Innovation admits that Exhibit C of the Complaint mentions an "HDMI Chromecast Connection to TV." Exceptional Innovation denies the remaining allegations in paragraph 19 of the Complaint.

20. Exceptional Innovation admits that, on October 27, 2017, the website www.intertouch.com mentioned IQx Platform and indicated "powered by Exceptional Innovation," and denies the remaining allegations in paragraph 20 of the Complaint.

21. Exceptional Innovation admits that, on October 27, 2017, the website www.quadriga.com mentioned IQx Platform and indicated "powered by Exceptional Innovation," and denies the remaining allegations in paragraph 21 of the Complaint.

22. Exceptional Innovation admits that the interTouch and Quadriga websites include respective web pages corresponding to a regional team, that the respective web pages mention "executive team" and that the respective web pages list the same names and titles. Exceptional Innovation denies the remaining allegations in paragraph 22 of the Complaint.

23. Exceptional Innovation admits that, on October 27, 2017, the website www.exceptionalinnovation.com stated that "In 2004, Seale co-founder Exceptional Innovation and in 2013, he added The SmarTV Company, LLC to the EI portfolio followed by additional acquisitions of Quadriga and interTouch in 2015." Exceptional Innovation denies the remaining allegations in paragraph 23 of the Complaint.

## COUNT I: DIRECT INFRINGEMENT OF THE '281 PATENT

24. In response to paragraph 24 of the Complaint, Exceptional Innovation incorporates its responses to the allegations in paragraph 1 through 23 of the Complaint.

25. Exceptional Innovation lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25 of the Complaint, and therefore denies those allegations.

26. Exceptional Innovation denies the allegations in paragraph 26 of the Complaint.

27. Exceptional Innovation denies the allegations in paragraph 27 of the Complaint.

28. Exceptional Innovation admits that paragraph 28 of the Complaint purports to recite the limitations of claim 1 of the '281 patent further identified by added letters, and denies the remaining allegations in paragraph 28 of the Complaint.

29. Exceptional Innovation lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 29 of the Complaint, and therefore denies those allegations.

30. Exceptional Innovation denies the allegations in paragraph 30 of the Complaint.

31. Exceptional Innovation denies the allegations in paragraph 31 of the Complaint.

32. Exceptional Innovation denies the allegations in paragraph 32 of the Complaint.

33. Exceptional Innovation denies the allegations in paragraph 33 of the Complaint.

34. Exceptional Innovation denies the allegations in paragraph 34 of the Complaint.

35. Exceptional Innovation lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 35 of the Complaint, and therefore denies those allegations.

36. Exceptional Innovation denies the allegations in paragraph 36 of the Complaint.

37. Exceptional Innovation denies the allegations in paragraph 37 of the Complaint.

38. Exceptional Innovation denies the allegations in paragraph 38 of the Complaint.

39. Exceptional Innovation denies the allegations in paragraph 39 of the Complaint.

40. Exceptional Innovation denies the allegations in paragraph 40 of the Complaint.

41. Exceptional Innovation denies the allegations in paragraph 41 of the Complaint.

42. Exceptional Innovation denies the allegations in paragraph 42 of the Complaint.

43. Exceptional Innovation denies the allegations in paragraph 43 of the Complaint.

44. Exceptional Innovation denies the allegations in paragraph 44 of the Complaint.

45. Exceptional Innovation denies the allegations in paragraph 45 of the Complaint.

46. Exceptional Innovation denies the allegations in paragraph 46 of the Complaint.

47. Exceptional Innovation denies the allegations in paragraph 47 of the Complaint.

## COUNT II: DIRECT INFRINGEMENT OF THE '172 PATENT

48. In response to paragraph 48 of the Complaint, Exceptional Innovation incorporates its responses to the allegations in paragraph 1 through 47 of the Complaint.

49. Exceptional Innovation denies the allegations in paragraph 49 of the Complaint.

50. Exceptional Innovation lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 50 of the Complaint, and therefore denies those allegations.

51. Exceptional Innovation admits that claim 1 of the '172 purports to be reproduced below paragraph 51 of the Complaint with each paragraph lettered.

52. Paragraph 52 of the Complaint does not include any allegations.  To the extent paragraph 52 of the Complaint includes any allegations, Exceptional Innovation lacks knowledge

or information sufficient to form a belief about the truth such allegations and therefore denies them.

53. Exceptional Innovation lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 53 of the Complaint, and therefore denies those allegations.

54. Exceptional Innovation denies the allegations in paragraph 54 of the Complaint.

55. Exceptional Innovation denies the allegations in paragraph 55 of the Complaint.

56. Exceptional Innovation denies the allegations in paragraph 56 of the Complaint.

57. Exceptional Innovation denies the allegations in paragraph 57 of the Complaint.

58. Exceptional Innovation denies the allegations in paragraph 58 of the Complaint.

59. Exceptional Innovation denies the allegations in paragraph 59 of the Complaint.

60. Exceptional Innovation denies the allegations in paragraph 60 of the Complaint.

61. Exceptional Innovation denies the allegations in paragraph 61 of the Complaint.

62. Exceptional Innovation denies the allegations in paragraph 62 of the Complaint.

63. Exceptional Innovation denies the allegations in paragraph 63 of the Complaint.

64. Exceptional Innovation denies the allegations in paragraph 64 of the Complaint.

65. Exceptional Innovation denies the allegations in paragraph 65 of the Complaint.

66. Exceptional Innovation denies the allegations in paragraph 66 of the Complaint.

## **DEFENSES**

Without assuming any burden that it would not otherwise bear, and reserving the right to amend this Answer to assert additional defenses as they may become known during investigation and discovery, Exceptional Innovation asserts the following separate and additional defenses.

**First Defense: Non-Infringement**

1. Exceptional Innovation does not infringe and has not infringed (directly, indirectly, contributorily, by inducement, willfully, jointly, or otherwise) any valid and enforceable claim of the '281 Patent either literally or under the doctrine of equivalents.

2. Exceptional Innovation does not infringe and has not infringed (directly, indirectly, contributorily, by inducement, willfully, jointly, or otherwise) any valid and enforceable claim of the '172 Patent either literally or under the doctrine of equivalents.

**Second Defense: Invalidity**

3. One or more claims of the '281 Patent is invalid for failure to satisfy one or more of the requirements of the patent laws, including without limitation 35 U.S.C. §§ 101, 102, 103, and 112.

4. One or more claims of the '172 Patent is invalid for failure to satisfy one or more of the requirements of the patent laws, including without limitation 35 U.S.C. §§ 101, 102, 103, and 112.

**Third Defense: Prosecution History Estoppel**

5. Guest Tek is barred, under the doctrine of prosecution history estoppel, from construing any of the claims of the '281 Patent in such a way as to cover any conduct by Exceptional Innovation that Guest Tek alleged in its Complaint constitutes patent infringement.

6. Guest Tek is barred, under the doctrine of prosecution history estoppel, from construing any of the claims of the '172 Patent in such a way as to cover any conduct by Exceptional Innovation that Guest Tek alleged in its Complaint constitutes patent infringement.

### Fourth Defense: Marking and Notice

7. To the extent Guest Tek failed to properly mark any of its relevant products as required by 35 U.S.C. § 287 or to otherwise give proper notice that Exceptional Innovation's actions allegedly infringed the '281 Patent, Exceptional Innovation is not liable to Guest Tek for any acts alleged in Guest Tek's Complaint to have been performed before Exceptional Innovation received actual notice that it was allegedly infringing the '281 Patent.

8. To the extent Guest Tek failed to properly mark any of its relevant products as required by 35 U.S.C. § 287 or to otherwise give proper notice that Exceptional Innovation's actions allegedly infringed the '172 Patent, Exceptional Innovation is not liable to Guest Tek for any acts alleged in Guest Tek's Complaint to have been performed before Exceptional Innovation received actual notice that it was allegedly infringing the '172 Patent.

### Fifth Defense: Equitable Defenses

9. Guest Tek's claims against Exceptional Innovation are barred, in whole or in part, by one or more of the equitable doctrines of waiver, estoppel, acquiescence, implied license and/or unclean hands.

### Sixth Defense: No Injunctive Relief

10. Guest Tek is not entitled to injunctive relief because any alleged injury to Guest Tek is not immediate or irreparable, and Guest Tek has an adequate remedy at law.

### Seventh Defense: Failure to State a Claim

11. Guest Tek's Complaint fails to state a claim upon which relief can be granted.

### COUNTERCLAIMS

Defendant Exceptional Innovation, Inc. ("Exceptional Innovation") brings the following counterclaims against Plaintiff Guest Tek Interactive Entertainment Ltd. ("Guest Tek").

## THE PARTIES

1. Exceptional Innovation is a corporation organized and existing under the laws of the State of Ohio, with its principal place of business at 480 Olde Worthington Road, Suite 350, Westerville, Ohio, 43082.

2. Guest Tek is a corporation organized and existing under the laws of the province of Alberta, Canada, with a place of business at Suite 600, 777 8 Ave., SW, Calgary, Alberta, T2P 3R5, Canada.

## JURISDICTION AND VENUE

3. Exceptional Innovation seeks a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

4. The Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, 2202.

5. The Court has personal jurisdiction over Guest Tek because Guest Tek has consented to jurisdiction in the state of Ohio by bringing the present action.

6. Venue is appropriate because Guest Tek has consented to venue in this Court by filing its claims for patent infringement in this Court, in response to which these counterclaims are asserted.

## ALLEGATIONS COMMON TO ALL CLAIMS

7. Guest Tek purports to be the owner of U.S. Patent Nos. 9,137,281 (the "'281 Patent") and 9,781,172 (the "'172 Patent").

8. Guest Tek has incorrectly asserted that Exceptional Innovation has infringed one or more claims of the '281 and '172 Patents.

9. Exceptional Innovation has not infringed and does not infringe any valid and enforceable claim of either the '281 Patent or the '172 patent.

10. Upon information and belief, one or more of the claims of the '281 Patent and the '172 patent are invalid for failure to meet the requirements of the Patent Act, 35 U.S.C. § 1, et. seq., including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and 112.

**FIRST COUNTERCLAIM:**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT**
**OF THE '281 PATENT**

11. Exceptional Innovation incorporates by reference Paragraphs 1-10 of the Counterclaims as if set forth fully herein.

12. Guest Tek has asserted in its Complaint, claims of patent infringement against Exceptional Innovation based on the '281 Patent. Thus, an immediate, real and justiciable controversy now exists between Exceptional Innovation and Guest Tek with respect to the '281 Patent.

13. Exceptional Innovation has not and does not, under any theory, infringe any valid claim of the '281 Patent.

14. Exceptional Innovation seeks a declaration from the Court that Exceptional Innovation has not infringed any valid claim of the '281 Patent.

**SECOND COUNTERCLAIM:**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT**
**OF THE '172 PATENT**

15. Exceptional Innovation incorporates by reference Paragraphs 1-14 of the Counterclaims as if set forth fully herein.

16. Guest Tek has asserted in its Complaint, claims of patent infringement against Exceptional Innovation based on the '172 Patent. Thus, an immediate, real and justiciable

controversy now exists between Exceptional Innovation and Guest Tek with respect to the '172 Patent.

17.     Exceptional Innovation has not and does not, under any theory, infringe any valid claim of the '172 Patent.

18.     Exceptional Innovation seeks a declaration from the Court that Exceptional Innovation has not infringed any valid claim of the '172 Patent.

<strong><u>THIRD COUNTERCLAIM:</u></strong><br><strong>DECLARATORY JUDGMENT OF INVALIDITY</strong><br><strong>OF THE '281 PATENT</strong>

19.     Exceptional Innovation incorporates by reference Paragraphs 1-18 of the Counterclaims as if set forth fully herein.

20.     There is an immediate, real and justiciable controversy between Exceptional Innovation and Guest Tek concerning the invalidity of one or more claims of the '281 Patent for failure to meet the requirements of the patent laws, including without limitation 35 U.S.C. §§ 101, 102, 103 and/or 112.

21.     One or more claims of the '281 Patent are invalid as anticipated by and obvious over prior art, including but not limited to, prior art listed on the face of the '281 Patent and other prior art to be disclosed during discovery.

22.     One or more claims of the '281 Patent are invalid as the specification fails to adequately disclose the invention and one or more of the claims fails to delineate the scope of the claimed invention with reasonable certainly, and also for failing to enable a person of ordinary skill in the art to make and/or practice the claimed systems and methods without undue experimentation.

23. Exceptional Innovation seeks a declaration from the Court that the claims of the '281 Patent are invalid.

### FOURTH COUNTERCLAIM:
### DECLARATORY JUDGMENT OF INVALIDITY
### OF THE '172 PATENT

24. Exceptional Innovation incorporates by reference Paragraphs 1-23 of the Counterclaims as if set forth fully herein.

25. There is an immediate, real and justiciable controversy between Exceptional Innovation and Guest Tek concerning the invalidity of one or more claims of the '172 Patent for failure to meet the requirements of the patent laws, including without limitation 35 U.S.C. §§ 101, 102, 103 and/or 112.

26. One or more claims of the '172 Patent are invalid as anticipated by and obvious over prior art, including but not limited to, prior art listed on the face of the '172 Patent and other prior art to be disclosed during discovery.

27. One or more claims of the '172 Patent are invalid as the specification fails to adequately disclose the invention and one or more of the claims fails to delineate the scope of the claimed invention with reasonable certainly, and also for failing to enable a person of ordinary skill in the art to make and/or practice the claimed systems and methods without undue experimentation.

28. Exceptional Innovation seeks a declaration from the Court that the claims of the '172 Patent are invalid.

### EXCEPTIONAL CASE

29. This case is exceptional, and Exceptional Innovation is entitled to fees and costs against Guest Tek under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Exceptional Innovation prays for the following relief:

A.      Entry of judgment that the '281 Patent is not infringed by Exceptional Innovation;

B.      Entry of judgment that the '172 Patent is not infringed by Exceptional Innovation;

C.      Entry of a declaration that the acts and products accused of infringement by Guest Tek do not satisfy all of the limitations of any of the claims of the '281 Patent;

D.      Entry of a declaration that the acts and products accused of infringement by Guest Tek do not satisfy all of the limitations of any of the claims of the '172 Patent;

E.      Entry of judgment declaring invalid any claims of the '281 Patent construed to cover the acts or products of Exceptional Innovation;

F.      Entry of judgment declaring invalid any claims of the '172 Patent construed to cover the acts or products of Exceptional Innovation;

G.      Entry of judgment enjoining Guest Tek from making further threats of litigation for patent infringement based on the acts or products of Exceptional Innovation;

H.      Entry of judgment awarding Exceptional Innovation its costs, attorneys' fees and other relief, both legal and equitable, to which Exceptional Innovation may be entitled;

I.      Entry of judgment declaring this case is exceptional under 35 U.S.C. § 285 and that Exceptional Innovation is entitled to recovery of its reasonable attorneys' fees; and

J.      Entry of judgment for such other and further relief to Exceptional Innovation as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Exceptional Innovation hereby demands a trial by jury of all issues so triable.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: December 15, 2017 | *s/ John M. Gonzales*  <br>John M. Gonzales (0038664)<br>THE BEHAL LAW GROUP LLC<br>501 South High Street<br>Columbus, OH 43215<br>T: (614) 643-5050; F: (614) 340-3892<br>jgonzales@behallaw.com<br><br>Douglas G. Muehlhauser (admitted *pro hac vice*)<br>Mark Lezama (admitted *pro hac vice*)<br>KNOBBE, MARTENS, OLSON & BEAR, LLP<br>2040 Main Street, 14th Floor<br>Irvine, CA 92614<br>Phone: (949) 760-0404<br>Facsimile: (949) 760-9502<br>doug.muehlhauser@knobbe.com<br>mark.lezama@knobbe.com<br><br>*Attorneys for Defendant*<br>*Exceptional Innovation, Inc.* |

-16-

## CERTIFICATE OF SERVICE

      I hereby certify that on December 15, 2017, a copy of the foregoing document was filed electronically with the Clerk of the Court using CM/ECF, which will send notification of such filing via electronic mail to all registered participants.


Dated:  December 15, 2017                                       *s/ John M. Gonzales*
                                                                       John M. Gonzales (0038664)

27189868