**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| GUEST TEK INTERACTIVE ENTERTAINMENT LTD., | Case No. 2:17-cv-00963 |
| Plaintiff, | Judge Algenon L. Marbley |
| v. | Magistrate Judge Chelsey M. Vascura |
| EXCEPTIONAL INNOVATION, INC., | JURY TRIAL DEMANDED |
| Defendant. | |

**DEFENDANT EXCEPTIONAL INNOVATION'S ANSWER TO**
**FIRST AMENDED COMPLAINT AND COUNTERCLAIMS**

Defendant Exceptional Innovation, Inc. ("Exceptional Innovation"), hereby responds to the First Amended Complaint for Patent Infringement (Doc. No. 45) ("Complaint") of Guest Tek Interactive Entertainment Ltd. ("Guest Tek"). Except for the specific matters expressly admitted below and the specific matters about whose truth Exceptional Innovation states it lacks knowledge or information sufficient to form a belief, Exceptional Innovation denies all allegations in the Complaint.

**NATURE OF THE ACTION**

1.      Exceptional Innovation admits that the Complaint states that it is an action for infringement of U.S. Patent Nos. 9,137,281 (the "'281 patent") and 9,781,172 (the "'172 patent"). Exceptional Innovation further admits that this action appears to arise under federal legislation

relating to patents. Exceptional Innovation denies any remaining allegations in paragraph 1 of the Complaint.

## THE PARTIES

2.      Exceptional Innovation admits the allegations in paragraph 2 of the Complaint.

3.      Exceptional Innovation admits the allegations in paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4.      Exceptional Innovation admits that this action appears to arise under federal legislation relating to patents and that the Court appears to have subject-matter jurisdiction under 28 U.S.C. § 1338(a). Exceptional Innovation denies any remaining allegations in paragraph 4 of the Complaint.

5.      Exceptional Innovation admits the allegations in paragraph 5 of the Complaint.

6.      Exceptional Innovation admits the allegations in paragraph 6 of the Complaint.

## BACKGROUND

7.      Exceptional Innovation admits that the U.S. Patent and Trademark Office issued the '281 patent as purportedly titled in paragraph 7 of the Complaint. Exceptional Innovation denies, or lacks knowledge or information sufficient to form a belief about the truth of, the remaining allegations in paragraph 7 of the Complaint.

8.      Exceptional Innovation admits that the U.S. Patent and Trademark Office issued the '172 patent as purportedly titled in paragraph 8 of the Complaint, and Exceptional Innovation denies, or lacks knowledge or information sufficient to form a belief about the truth of, the remaining allegations in paragraph 8 of the Complaint.

9.      Exceptional Innovation lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 9 of the Complaint.

10.     Exceptional Innovation admits that Guest Tek offers OneView Internet and OneView Media. Exceptional Innovation lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 10 of the Complaint.

11.     Exceptional Innovation lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 11 of the Complaint.

12.     Exceptional Innovation denies the allegations in paragraph 12 of the Complaint.

13.     Exceptional Innovation admits that it has provided an STB-4000 in the United States and that, in at least some instances, it has provided an STB-4000 with a Chromecast device included inside the STB-4000. Exceptional Innovation admits that the STB-4000 falls under the term "iQx Platform" in the sense that "iQx Platform" is a term sometimes used broadly to refer to the offerings of Exceptional Innovation. Exceptional Innovation denies the remaining allegations of paragraph 13 of the Complaint.

14.     Exceptional Innovation denies the allegations in paragraph 14 of the Complaint.

15.     Exceptional Innovation admits that "iQ cast" is a term used for an Exceptional Innovation "solution," which is a term used in marketing. Exceptional Innovation denies, or lacks knowledge or information sufficient to form a belief about the truth of, the remaining allegations of paragraph 15 of the Complaint.

16.     Exceptional Innovation denies, or lacks knowledge or information sufficient to form a belief about the truth of, the allegations in paragraph 16 of the Complaint.

17.     Exceptional Innovation denies, or lacks knowledge or information sufficient to form a belief about the truth of, the allegations of paragraph 17 of the Complaint.

18.     Exceptional Innovation lacks knowledge or information sufficient to form a belief about the truth of any comprehensible allegations of paragraph 18 of the Complaint.

19.    Exceptional Innovation lacks knowledge or information sufficient to form a belief about the truth of any comprehensible allegations in paragraph 19 of the Complaint.

20.    Exceptional Innovation denies the allegations in paragraph 20 of the Complaint.

21.    Paragraph 21 does not appear to include any allegations; to the extent any exist, Exceptional Innovation denies them.

22.    Exceptional Innovation lacks knowledge or information sufficient to form a belief about the truth of any comprehensible allegations in paragraph 22 of the Complaint.

23.    Exceptional Innovation denies any comprehensible allegations in paragraph 23 of the Complaint.

24.    Exceptional Innovation admits that the STB-4000 falls under the term "iQx Platform" in the sense that "iQx Platform" is a term sometimes used broadly to refer to the offerings of Exceptional Innovation. Exceptional Innovation admits that Exhibit C of the Complaint is entitled "STB-4000 User Guide" and includes an illustration captioned "STB-4000 Set-Top Box." Exceptional Innovation denies the remaining allegations of paragraph 24 of the Complaint.

25.    Exceptional Innovation admits that Exhibit C of the Complaint mentions an "Ethernet port for connecting to the hotel network" and an "HDMI Output for Streaming TV." Exceptional Innovation denies the remaining allegations of paragraph 25 of the Complaint.

26.    Exceptional Innovation admits that Exhibit C of the Complaint mentions an "HDMI Chromecast Connection to TV."  Exceptional Innovation denies the remaining allegations in paragraph 26 of the Complaint.

27.    Exceptional Innovation admits that, on December 28, 2018, the web content at URL http://www.intertouch.com/solutions/iqx-platform/  included  the  text  "Introducing  the  iQx

platform" and "powered by Exceptional Innovation." Exceptional Innovation denies the remaining allegations in paragraph 27 of the Complaint.

28.     Exceptional Innovation admits that, on December 28, 2018, the web content at URL http://www.intertouch.com/solutions/iqx-platform/ included the text "Introducing the iQx platform" and "powered by Exceptional Innovation." Exceptional Innovation denies the remaining allegations in paragraph 28 of the Complaint.

29.     Exceptional Innovation denies the allegations in paragraph 29 of the Complaint.

30.     Exceptional Innovation admits that, on December 28, 2018, the web content at URL http://www.intertouch.com/solutions/iq-cast/ included the text "iQ cast" and "Copyright © 2018 Exceptional Innovation, Inc." Exceptional Innovation denies the remaining allegations in paragraph 30 of the Complaint.

31.     Exceptional Innovation admits that, on December 28, 2018, the web content at URL http://www.quadriga.com/solutions/iq-cast/ included the text "iQ cast" and "Copyright © 2018 Exceptional Innovation, Inc." Exceptional Innovation denies the remaining allegations in paragraph 31 of the Complaint.

32.     Exceptional Innovation denies any comprehensible allegations in paragraph 32 of the Complaint.

33.     Exceptional Innovation admits that, on December 28, 2018, the web content at the URLs http://intertouch.com/company/regional-team/ and http://www.quadriga.com/company/regional-team/ both included the following text: "In 2004, Seale co-founded Exceptional Innovation and in 2013, he added The SmarTV Company, LLC to the EI portfolio followed by additional acquisitions of Quadriga and interTouch in 2015." Exceptional Innovation denies the remaining allegations in paragraph 33 of the Complaint.

## COUNT I

34.    In response to paragraph 34 of the Complaint, Exceptional Innovation incorporates its responses to the allegations in paragraphs 1 through 33 of the Complaint.

35.    Exceptional Innovation lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 35 of the Complaint.

36.    Exceptional Innovation denies the allegations in paragraph 36 of the Complaint.

37.    Exceptional Innovation denies the allegations in paragraph 37 of the Complaint.

38.    Exceptional Innovation denies the allegations in paragraph 38 of the Complaint.

39.    Exceptional Innovation denies, or lacks knowledge or information sufficient to form a belief about the truth of, any comprehensible allegations in paragraph 39 of the Complaint.

40.    Exceptional Innovation lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 40 of the Complaint.

41.    Exceptional Innovation admits that the STB-4000 falls under the term "iQx Platform" in the sense that "iQx Platform" is a term sometimes used broadly to refer to the offerings of Exceptional Innovation. Exceptional Innovation otherwise denies the allegations in paragraph 41 of the Complaint.

42.    Exceptional Innovation denies the allegations in paragraph 42 of the Complaint.

43.    Exceptional Innovation denies the allegations in paragraph 43 of the Complaint.

44.    Exceptional Innovation denies the allegations in paragraph 44 of the Complaint.

45.    Exceptional Innovation lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 45 of the Complaint.

46.    Exceptional Innovation denies the allegations in paragraph 46 of the Complaint.

47.    Exceptional Innovation denies the allegations in paragraph 47 of the Complaint.

48.     Exceptional Innovation denies the allegations in paragraph 48 of the Complaint.

49.     Exceptional Innovation denies the allegations in paragraph 49 of the Complaint.

50.     Exceptional Innovation denies the allegations in paragraph 50 of the Complaint.

51.     Exceptional Innovation denies the allegations in paragraph 51 of the Complaint.

52.     Exceptional Innovation denies the allegations in paragraph 52 of the Complaint.

53.     Exceptional Innovation denies the allegations in paragraph 53 of the Complaint.

54.     Exceptional Innovation denies the allegations in paragraph 54 of the Complaint.

55.     Exceptional Innovation denies the allegations in paragraph 55 of the Complaint.

56.     Exceptional Innovation denies the allegations in paragraph 56 of the Complaint.

57.     Exceptional Innovation denies the allegations in paragraph 57 of the Complaint.

58.     Exceptional Innovation denies the allegations in paragraph 58 of the Complaint.

59.     Exceptional Innovation denies the allegations in paragraph 59 of the Complaint.

60.     Exceptional Innovation denies the allegations in paragraph 60 of the Complaint.

61.     Exceptional Innovation denies the allegations in paragraph 61 of the Complaint.

62.     Exceptional Innovation denies the allegations in paragraph 62 of the Complaint.

63.     Exceptional Innovation denies the allegations in paragraph 63 of the Complaint.

64.     Exceptional Innovation denies the allegations in paragraph 64 of the Complaint.

65.     Exceptional Innovation denies the allegations in paragraph 65 of the Complaint.

66.     Exceptional Innovation denies the allegations in paragraph 66 of the Complaint.

67.     Exceptional Innovation denies the allegations in paragraph 67 of the Complaint.

68.     Exceptional Innovation denies the allegations in paragraph 68 of the Complaint.

69.     Exceptional Innovation denies the allegations in paragraph 69 of the Complaint.

70.     Exceptional Innovation denies the allegations in paragraph 70 of the Complaint.

71. Exceptional Innovation denies the allegations in paragraph 71 of the Complaint.

72. Exceptional Innovation denies the allegations in paragraph 72 of the Complaint.

73. Exceptional Innovation denies the allegations in paragraph 73 of the Complaint.

74. Exceptional Innovation denies the allegations in paragraph 74 of the Complaint.

75. Exceptional Innovation denies the allegations in paragraph 75 of the Complaint.

**COUNT II**

76. In response to paragraph 76 of the Complaint, Exceptional Innovation incorporates its responses to the allegations in paragraphs 1 through 75 of the Complaint.

77. Exceptional Innovation denies the allegations in paragraph 77 of the Complaint.

78. Exceptional Innovation lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 78 of the Complaint.

79. Exceptional Innovation denies the allegations in paragraph 79 of the Complaint.

80. Paragraph 80 of the Complaint does not appear to include any allegations; to the extent any exist, Exceptional Innovation denies them.

81. Exceptional Innovation denies any comprehensible allegations in paragraph 81 of the Complaint.

82. Exceptional Innovation lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 82 of the Complaint.

83. Exceptional Innovation denies the allegations in paragraph 83 of the Complaint.

84. Exceptional Innovation denies the allegations in paragraph 84 of the Complaint.

85. Exceptional Innovation denies the allegations in paragraph 85 of the Complaint.

86. Exceptional Innovation denies the allegations in paragraph 86 of the Complaint.

87. Exceptional Innovation denies the allegations in paragraph 87 of the Complaint.

88.     Exceptional Innovation denies the allegations in paragraph 88 of the Complaint.

89.     Exceptional Innovation denies the allegations in paragraph 89 of the Complaint.

90.     Exceptional Innovation denies the allegations in paragraph 90 of the Complaint.

91.     Exceptional Innovation denies the allegations in paragraph 91 of the Complaint.

92.     Exceptional Innovation denies the allegations in paragraph 92 of the Complaint.

93.     Exceptional Innovation denies the allegations in paragraph 93 of the Complaint.

94.     Exceptional Innovation denies the allegations in paragraph 94 of the Complaint.

95.     Exceptional Innovation denies the allegations in paragraph 95 of the Complaint.

96.     Exceptional Innovation denies the allegations in paragraph 96 of the Complaint.

97.     Exceptional Innovation denies the allegations in paragraph 97 of the Complaint.

98.     Exceptional Innovation denies the allegations in paragraph 98 of the Complaint.

99.     Exceptional Innovation denies the allegations in paragraph 99 of the Complaint.

100.    Exceptional Innovation denies the allegations in paragraph 100 of the Complaint.

101.    Exceptional Innovation denies the allegations in paragraph 101 of the Complaint.

102.    Exceptional Innovation denies the allegations in paragraph 102 of the Complaint.

103.    Exceptional Innovation denies the allegations in paragraph 103 of the Complaint.

104.    Exceptional Innovation denies the allegations in paragraph 104 of the Complaint.

105.    Exceptional Innovation denies the allegations in paragraph 105 of the Complaint.

106.    Exceptional Innovation denies the allegations in paragraph 106 of the Complaint.

107.    Exceptional Innovation denies, or lacks knowledge or information sufficient to form a belief about the truth of, the allegations in paragraph 107 of the Complaint.

108.    Exceptional Innovation denies the allegations in paragraph 108 of the Complaint.

109.    Exceptional Innovation denies the allegations in paragraph 109 of the Complaint.

## COUNT III

110.   In response to paragraph 110 of the Complaint, Exceptional Innovation incorporates its responses to the allegations in paragraphs 1 through 109 of the Complaint.

111.   Exceptional Innovation lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 111 of the Complaint.

112.   Exceptional Innovation admits that it has provided an STB-4000 in the United States, and denies the remaining allegations in paragraph 112 of the Complaint.

113.   Exceptional Innovation denies the allegations in paragraph 113 of the Complaint.

114.   Exceptional Innovation denies the allegations in paragraph 114 of the Complaint.

115.   Exceptional Innovation denies the allegations in paragraph 115 of the Complaint.

116.   Exceptional Innovation denies the allegations in paragraph 116 of the Complaint.

117.   Exceptional Innovation denies the allegations in paragraph 117 of the Complaint.

118.   Exceptional Innovation denies the allegations in paragraph 118 of the Complaint.

119.   Exceptional Innovation denies the allegations in paragraph 119 of the Complaint.

120.   Exceptional Innovation denies the allegations in paragraph 120 of the Complaint.

121.   Exceptional Innovation denies the allegations in paragraph 121 of the Complaint.

122.   Exceptional Innovation denies the allegations in paragraph 122 of the Complaint.

123.   Exceptional Innovation denies the allegations in paragraph 123 of the Complaint.

124.   Exceptional Innovation denies the allegations in paragraph 124 of the Complaint.

125.   Exceptional Innovation denies the allegations in paragraph 125 of the Complaint.

126.   Exceptional Innovation lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 126 of the Complaint.

127.     Exceptional Innovation denies, or lacks knowledge or information sufficient to form a belief about the truth of, the allegations of paragraph 127 of the Complaint.

128.     Exceptional Innovation denies the allegations in paragraph 128 of the Complaint.

129.     Exceptional Innovation denies the allegations in paragraph 129 of the Complaint.

130.     Exceptional Innovation denies the allegations in paragraph 130 of the Complaint.

131.     Exceptional Innovation denies the allegations in paragraph 131 of the Complaint.

132.     Exceptional Innovation denies the allegations in paragraph 132 of the Complaint.

133.     Exceptional Innovation denies the allegations in paragraph 133 of the Complaint.

134.     Exceptional Innovation denies the allegations in paragraph 134 of the Complaint.

135.     Exceptional Innovation denies the allegations in paragraph 135 of the Complaint.

136.     Exceptional Innovation denies the allegations in paragraph 136 of the Complaint.

137.     Exceptional Innovation denies the allegations in paragraph 137 of the Complaint.

138.     Exceptional Innovation denies the allegations in paragraph 138 of the Complaint.

139.     Exceptional Innovation denies the allegations in paragraph 139 of the Complaint.

**COUNT IV**

140.     In response to paragraph 140 of the Complaint, Exceptional Innovation incorporates its responses to the allegations in paragraphs 1 through 139 of the Complaint.

141.     Exceptional Innovation denies the allegations in paragraph 141 of the Complaint.

142.     Exceptional Innovation denies the allegations in paragraph 142 of the Complaint.

143.     Exceptional Innovation denies the allegations in paragraph 143 of the Complaint.

144.     Exceptional Innovation denies the allegations in paragraph 144 of the Complaint.

145.     Exceptional Innovation denies the allegations in paragraph 145 of the Complaint.

146.     Exceptional Innovation denies the allegations in paragraph 146 of the Complaint.

147.     Exceptional Innovation denies the allegations in paragraph 147 of the Complaint.

148.     Exceptional Innovation denies the allegations in paragraph 148 of the Complaint.

149.     Exceptional Innovation denies the allegations in paragraph 149 of the Complaint.

150.     Exceptional Innovation denies the allegations in paragraph 150 of the Complaint.

151.     Exceptional Innovation denies the allegations in paragraph 151 of the Complaint.

152.     Exceptional Innovation denies the allegations in paragraph 152 of the Complaint.

153.     Exceptional Innovation denies the allegations in paragraph 153 of the Complaint.

154.     Exceptional Innovation denies the allegations in paragraph 154 of the Complaint.

155.     Exceptional Innovation denies the allegations in paragraph 155 of the Complaint.

156.     Exceptional Innovation denies the allegations in paragraph 156 of the Complaint.

157.     Exceptional Innovation denies the allegations in paragraph 157 of the Complaint.

158.     Exceptional Innovation denies the allegations in paragraph 158 of the Complaint.

**COUNT V**

159.     In response to paragraph 159 of the Complaint, Exceptional Innovation incorporates its responses to the allegations in paragraphs 1 through 158 of the Complaint.

160.     Exceptional Innovation lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 160 of the Complaint.

161.     Exceptional Innovation denies, or lacks knowledge or information sufficient to form a belief about the truth of, the allegations of paragraph 161 of the Complaint.

162.     Exceptional Innovation denies the allegations in paragraph 162 of the Complaint.

163.     Exceptional Innovation denies, or lacks knowledge or information sufficient to form a belief about the truth of, the allegations in paragraph 163 of the Complaint.

164.     Exceptional Innovation denies the allegations in paragraph 164 of the Complaint.

165. Exceptional Innovation denies the allegations in paragraph 165 of the Complaint.

166. Exceptional Innovation denies the allegations in paragraph 166 of the Complaint.

167. Exceptional Innovation denies the allegations in paragraph 167 of the Complaint.

168. Exceptional Innovation denies the allegations in paragraph 168 of the Complaint.

169. Exceptional Innovation denies the allegations in paragraph 169 of the Complaint.

170. Exceptional Innovation denies the allegations in paragraph 170 of the Complaint.

171. Exceptional Innovation denies the allegations in paragraph 171 of the Complaint.

172. Exceptional Innovation denies the allegations in paragraph 172 of the Complaint.

173. Exceptional Innovation denies the allegations in paragraph 173 of the Complaint.

**COUNT VI**

174. In response to paragraph 174 of the Complaint, Exceptional Innovation incorporates its responses to the allegations in paragraphs 1 through 173 of the Complaint.

175. Exceptional Innovation denies the allegations in paragraph 175 of the Complaint.

176. Exceptional Innovation denies the allegations in paragraph 176 of the Complaint.

177. Exceptional Innovation denies the allegations in paragraph 177 of the Complaint.

178. Exceptional Innovation denies the allegations in paragraph 178 of the Complaint.

179. Exceptional Innovation denies the allegations in paragraph 179 of the Complaint.

180. Exceptional Innovation denies the allegations in paragraph 180 of the Complaint.

181. Exceptional Innovation denies the allegations in paragraph 181 of the Complaint.

182. Exceptional Innovation denies the allegations in paragraph 182 of the Complaint.

**DEFENSES**

Without assuming any burden that it would not otherwise bear, Exceptional Innovation asserts the following defenses and positions.

## Non-Infringement

1.    Exceptional Innovation does not infringe and has not infringed (directly, indirectly, contributorily, by inducement, willfully, jointly, or otherwise) any valid and enforceable claim of the '281 Patent either literally or under the doctrine of equivalents.

2.    Exceptional Innovation does not infringe and has not infringed (directly, indirectly, contributorily, by inducement, willfully, jointly, or otherwise) any valid and enforceable claim of the '172 Patent either literally or under the doctrine of equivalents.

## Invalidity

3.    One or more claims of the '281 Patent is invalid for failure to satisfy one or more of the requirements of the patent laws, including without limitation 35 U.S.C. §§ 101, 102, 103, and 112.

4.    One or more claims of the '172 Patent is invalid for failure to satisfy one or more of the requirements of the patent laws, including without limitation 35 U.S.C. §§ 101, 102, 103, and 112.

## Prosecution History Estoppel

5.    Guest Tek is barred, under the doctrine of prosecution history estoppel, from construing any of the claims of the '281 Patent in such a way as to cover any conduct by Exceptional Innovation that Guest Tek alleged in its Complaint constitutes patent infringement.

6.    Guest Tek is barred, under the doctrine of prosecution history estoppel, from construing any of the claims of the '172 Patent in such a way as to cover any conduct by Exceptional Innovation that Guest Tek alleged in its Complaint constitutes patent infringement.

**Marking and Notice**

7.     To the extent Guest Tek failed to properly mark any of its relevant products as required by 35 U.S.C. § 287 or to otherwise give proper notice that Exceptional Innovation's actions allegedly infringed the '281 Patent, Exceptional Innovation is not liable to Guest Tek for any acts alleged in Guest Tek's Complaint to have been performed before Exceptional Innovation received actual notice that it was allegedly infringing the '281 Patent.

8.     To the extent Guest Tek failed to properly mark any of its relevant products as required by 35 U.S.C. § 287 or to otherwise give proper notice that Exceptional Innovation's actions allegedly infringed the '172 Patent, Exceptional Innovation is not liable to Guest Tek for any acts alleged in Guest Tek's Complaint to have been performed before Exceptional Innovation received actual notice that it was allegedly infringing the '172 Patent.

**Equitable Defenses**

9.     Guest Tek's claims against Exceptional Innovation are barred, in whole or in part, by one or more of the equitable doctrines of waiver, estoppel, acquiescence, implied license and/or unclean hands.

**No Injunctive Relief**

10.     Guest Tek is not entitled to injunctive relief because any alleged injury to Guest Tek is not immediate or irreparable, and Guest Tek has an adequate remedy at law.

**Failure to State a Claim**

11.     Guest Tek's Complaint fails to state a claim upon which relief can be granted.

**COUNTERCLAIMS**

Defendant Exceptional Innovation, Inc. ("Exceptional Innovation"), brings the following counterclaims against Plaintiff Guest Tek Interactive Entertainment Ltd. ("Guest Tek").

## THE PARTIES

1.      Exceptional Innovation is a corporation organized and existing under the laws of the State of Ohio, with its principal place of business at 480 Olde Worthington Road, Suite 350, Westerville, Ohio, 43082.

2.      Guest Tek is a corporation organized and existing under the laws of the province of Alberta, Canada, with a place of business at Suite 600, 777 8 Ave., SW, Calgary, Alberta, T2P 3R5, Canada.

## JURISDICTION AND VENUE

3.      Exceptional Innovation seeks a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

4.      The Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, 2202.

5.      The Court has personal jurisdiction over Guest Tek because Guest Tek has consented to jurisdiction in the state of Ohio by bringing the present action.

6.      Venue is appropriate because Guest Tek has consented to venue in this Court by filing its claims for patent infringement in this Court, in response to which these counterclaims are asserted.

## ALLEGATIONS COMMON TO ALL CLAIMS

7.      Guest Tek purports to be the owner of U.S. Patent Nos. 9,137,281 (the "'281 Patent") and 9,781,172 (the "'172 Patent").

8.      Guest Tek has incorrectly asserted that Exceptional Innovation has infringed one or more claims of the '281 and '172 Patents.

9.      Exceptional Innovation has not infringed and does not infringe any valid and enforceable claim of either the '281 Patent or the '172 patent.

10.      Upon information and belief, one or more of the claims of the '281 Patent and the '172 patent are invalid for failure to meet the requirements of the Patent Act, 35 U.S.C. § 1, et. seq., including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and 112.

**FIRST COUNTERCLAIM:**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT**
**OF THE '281 PATENT**

11.      Exceptional Innovation incorporates by reference Paragraphs 1-10 of the Counterclaims as if set forth fully herein.

12.      Guest Tek has asserted in its Complaint, claims of patent infringement against Exceptional Innovation based on the '281 Patent.  Thus, an immediate, real and justiciable controversy now exists between Exceptional Innovation and Guest Tek with respect to the '281 Patent.

13.      Exceptional Innovation has not and does not, under any theory, infringe any valid claim of the '281 Patent.

14.      Exceptional Innovation seeks a declaration from the Court that Exceptional Innovation has not infringed any valid claim of the '281 Patent.

**SECOND COUNTERCLAIM:**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT**
**OF THE '172 PATENT**

15.      Exceptional Innovation incorporates by reference Paragraphs 1-14 of the Counterclaims as if set forth fully herein.

16.      Guest Tek has asserted in its Complaint, claims of patent infringement against Exceptional Innovation based on the '172 Patent.  Thus, an immediate, real and justiciable

controversy now exists between Exceptional Innovation and Guest Tek with respect to the '172 Patent.

17.     Exceptional Innovation has not and does not, under any theory, infringe any valid claim of the '172 Patent.

18.     Exceptional Innovation seeks a declaration from the Court that Exceptional Innovation has not infringed any valid claim of the '172 Patent.

**THIRD COUNTERCLAIM:**
**DECLARATORY JUDGMENT OF INVALIDITY**
**OF THE '281 PATENT**

19.     Exceptional Innovation incorporates by reference Paragraphs 1-18 of the Counterclaims as if set forth fully herein.

20.     There is an immediate, real and justiciable controversy between Exceptional Innovation and Guest Tek concerning the invalidity of one or more claims of the '281 Patent for failure to meet the requirements of the patent laws, including without limitation 35 U.S.C. §§ 101, 102, 103 and/or 112.

21.     One or more claims of the '281 Patent are invalid as anticipated by and obvious over prior art, including but not limited to, prior art listed on the face of the '281 Patent and other prior art to be disclosed during discovery.

22.     One or more claims of the '281 Patent are invalid as the specification fails to adequately disclose the invention and one or more of the claims fails to delineate the scope of the claimed invention with reasonable certainly, and also for failing to enable a person of ordinary skill in the art to make and/or practice the claimed systems and methods without undue experimentation.

23.     Exceptional Innovation seeks a declaration from the Court that the claims of the '281 Patent are invalid.

## FOURTH COUNTERCLAIM:
## DECLARATORY JUDGMENT OF INVALIDITY
## OF THE '172 PATENT

24.     Exceptional Innovation incorporates by reference Paragraphs 1-23 of the Counterclaims as if set forth fully herein.

25.     There is an immediate, real and justiciable controversy between Exceptional Innovation and Guest Tek concerning the invalidity of one or more claims of the '172 Patent for failure to meet the requirements of the patent laws, including without limitation 35 U.S.C. §§ 101, 102, 103 and/or 112.

26.     One or more claims of the '172 Patent are invalid as anticipated by and obvious over prior art, including but not limited to, prior art listed on the face of the '172 Patent and other prior art to be disclosed during discovery.

27.     One or more claims of the '172 Patent are invalid as the specification fails to adequately disclose the invention and one or more of the claims fails to delineate the scope of the claimed invention with reasonable certainly, and also for failing to enable a person of ordinary skill in the art to make and/or practice the claimed systems and methods without undue experimentation.

28.     Exceptional Innovation seeks a declaration from the Court that the claims of the '172 Patent are invalid.

## EXCEPTIONAL CASE

29.     This case is exceptional, and Exceptional Innovation is entitled to fees and costs against Guest Tek under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Exceptional Innovation prays for the following relief:

A.      Entry of judgment that the '281 Patent is not infringed by Exceptional Innovation;

B.      Entry of judgment that the '172 Patent is not infringed by Exceptional Innovation;

C.      Entry of a declaration that the acts and products accused of infringement by Guest Tek do not satisfy all of the limitations of any of the claims of the '281 Patent;

D.      Entry of a declaration that the acts and products accused of infringement by Guest Tek do not satisfy all of the limitations of any of the claims of the '172 Patent;

E.      Entry of judgment declaring invalid any claims of the '281 Patent construed to cover the acts or products of Exceptional Innovation;

F.      Entry of judgment declaring invalid any claims of the '172 Patent construed to cover the acts or products of Exceptional Innovation;

G.      Entry of judgment enjoining Guest Tek from making further threats of litigation for patent infringement based on the acts or products of Exceptional Innovation;

H.      Entry of judgment awarding Exceptional Innovation its costs, attorneys' fees and other relief, both legal and equitable, to which Exceptional Innovation may be entitled;

I.      Entry of judgment declaring this case is exceptional under 35 U.S.C. § 285 and that Exceptional Innovation is entitled to recovery of its reasonable attorneys' fees; and

J.      Entry of judgment for such other and further relief to Exceptional Innovation as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Exceptional Innovation hereby demands a trial by jury of all issues so triable.

Respectfully submitted,

Dated:  January 2, 2019

s/ *John M. Gonzales*
John M. Gonzales (0038664)
THE BEHAL LAW GROUP LLC
501 South High Street
Columbus, OH 43215
T: (614) 643-5050; F: (614) 340-3892
jgonzales@behallaw.com

Douglas G. Muehlhauser (admitted *pro hac vice*)
Mark Lezama (admitted *pro hac vice*)
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, 14th Floor
Irvine, CA  92614
Phone:  (949) 760-0404
Facsimile:  (949) 760-9502
doug.muehlhauser@knobbe.com
mark.lezama@knobbe.com

*Attorneys for Defendant*
*Exceptional Innovation, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on January 2, 2019, a copy of the foregoing document was filed electronically with the Clerk of the Court using CM/ECF, which will send notification of such filing via electronic mail to all registered participants.


Dated:  January 2, 2019                                  s/ *John M. Gonzales*_____
                                                         John M. Gonzales (0038664)


29670442