# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| GUEST TEK INTERACTIVE ENTERTAINMENT LTD., <br><br> Plaintiff-Counterdefendant, <br><br> v. <br><br> EXCEPTIONAL INNOVATION, INC., <br><br> Defendant-Counterclaimant. | Case No. 2:17-cv-00963 <br><br> Judge Algenon L. Marbley <br><br> Magistrate Judge Chelsey M. Vascura <br><br> JURY TRIAL DEMANDED |

**PLAINTIFF-COUNTERDEFENDANT GUEST TEK INTERACTIVE ENTERTAINMENT LTD.'S ANSWER TO DEFENDANT-COUNTERCLAIMANT <u>EXCEPTIONAL INNOVATION, INC.'S COUNTERCLAIMS</u>**

Plaintiff-Counterdefendant Guest Tek Interactive Entertainment Ltd. ("Guest-Tek") answers Defendant-Counterclaimant Exceptional Innovation, Inc.'s ("Exceptional Innovation") counterclaims (Doc. 48 at 15-20) as follows:

**THE PARTIES**

1. Guest-Tek admits the allegations in paragraph 1.

2. Guest-Tek admits the allegations in paragraph 2.

**JURISDICTION AND VENUE**

3. Paragraph 3 is a request for relief to which no response is required. If a response is required, then Guest-Tek admits that Exceptional Innovation requests a declaratory judgment but denies that Exceptional Innovation is entitled to a declaratory judgment.

4. Guest-Tek admits the allegations in paragraph 4.

5. Guest-Tek admits the allegations in paragraph 5.

6. Guest-Tek admits the allegations in paragraph 6.

## ALLEGATIONS COMMON TO ALL CLAIMS

7. Guest-Tek admits that it owns the '281 Patent and the '172 Patent, but denies any remaining allegations in paragraph 7.

8. Guest-Tek admits that it has asserted that Exceptional Innovation has infringed one or more claims of the '281 and '172 Patents, but denies that its assertion is "incorrect[]" and denies any remaining allegations in paragraph 8.

9. Guest-Tek denies the allegations in paragraph 9.

10. Guest-Tek denies the allegations in paragraph 10.

## EXCEPTIONAL INNOVATION'S FIRST COUNTERCLAIM

11. Guest-Tek incorporates by reference its answers to the preceding paragraphs as if fully restated.

12. Guest-Tek admits the allegations in paragraph 12.

13. Guest-Tek denies the allegations in paragraph 13.

14. Paragraph 14 is a request for relief to which no response is required. If a response is required, then Guest-Tek admits that Exceptional Innovation requests a declaratory judgment but denies that Exceptional Innovation is entitled to a declaratory judgment.

## EXCEPTIONAL INNOVATION'S SECOND COUNTERCLAIM

15. Guest-Tek incorporates by reference its answers to the preceding paragraphs as if fully restated.

16. Guest-Tek admits the allegations in paragraph 16.

17. Guest-Tek denies the allegations in paragraph 17.

18. Paragraph 18 is a request for relief to which no response is required. If a response is required, then Guest-Tek admits that Exceptional Innovation requests a declaratory judgment but denies that Exceptional Innovation is entitled to a declaratory judgment.

## EXCEPTIONAL INNOVATION'S THIRD COUNTERCLAIM

19. Guest-Tek incorporates by reference its answers to the preceding paragraphs as if fully restated.

20. Guest-Tek admits that an immediate, real and justiciable controversy exists, but denies that any claim of the '281 Patent is invalid and denies any remaining allegations in paragraph 20.

21. Guest-Tek denies the allegations in paragraph 21.

22. Guest-Tek denies the allegations in paragraph 22.

23. Paragraph 23 is a request for relief to which no response is required. If a response is required, then Guest-Tek admits that Exceptional Innovation requests a declaratory judgment but denies that Exceptional Innovation is entitled to a declaratory judgment.

## EXCEPTIONAL INNOVATION'S FOURTH COUNTERCLAIM

24. Guest-Tek incorporates by reference its answers to the preceding paragraphs as if fully restated.

25. Guest-Tek admits that an immediate, real and justiciable controversy exists, but denies that any claim of the '172 Patent is invalid and denies any remaining allegations in paragraph 25.

26. Guest-Tek denies the allegations in paragraph 26.

27. Guest-Tek denies the allegations in paragraph 27.

28. Paragraph 28 is a request for relief to which no response is required. If a response is required, then Guest-Tek admits that Exceptional Innovation requests a declaratory judgment but denies that Exceptional Innovation is entitled to a declaratory judgment.

## EXCEPTIONAL INNOVATION'S EXCEPTIONAL CASE ALLEGATION

29. Guest-Tek denies the allegations in paragraph 29.

30. Guest-Tek denies every allegation not expressly admitted herein.

## AFFIRMATIVE DEFENSES

By alleging the following separate and affirmative defenses below, Guest-Tek does not agree or concede that it bears the burden of proof or the burden of persuasion on any of these issues, in whole or in part. For its separate and affirmative defenses to Exceptional Innovation's counterclaims, Guest-Tek alleges as follows:

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

1. Exceptional Innovation's counterclaims fail to state a claim against Guest-Tek upon which any of the requested relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
(No Entitlement to Injunctive Relief)

2. Exceptional Innovation is not entitled to injunctive relief because any alleged injury to Exceptional Innovation is not immediate or irreparable and Exceptional Innovation would have an adequate remedy at law.

### THIRD AFFIRMATIVE DEFENSE
(Equitable Defenses)

3. Exceptional Innovation's counterclaims are barred, in whole or in part, under the principles of equity, including laches, equitable estoppel, unclean hands, waiver, or acquiescence.

## FOURTH AFFIRMATIVE DEFENSE
### (No Entitlement to Attorney Fees)

4.     Exceptional Innovation cannot prove that this is an exceptional case justifying an award of attorney fees to Exceptional Innovation under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

Guest-Tek requests the following relief:

a.     Judgment that Exceptional Innovation has infringed the '281 Patent;

b.     Judgment that Exceptional Innovation has infringed the '172 Patent;

c.     Judgment that the '281 Patent is valid;

d.     Judgment that the '172 Patent is valid; and

e.     All relief requested in Guest-Tek's original prayer for relief (Doc. 45 at 40-41).

Dated:  January 14, 2019                    Respectfully submitted,

/s/ Andrew E. Samuels
Lauren M. Hilsheimer (85389)
lhilsheimer@bakerlaw.com
Andrew E. Samuels (90189)
asamuels@bakerlaw.com
Baker & Hostetler LLP
200 Civic Center Drive, Suite 1200
Columbus, OH 43215-4138
Telephone: 614.228.1541
Facsimile:  614.462.2616

Steven J. Rocci (*pro hac vice*)
srocci@bakerlaw.com
Baker & Hostetler LLP
2929 Arch Street
Cira Centre, 12th Floor
Philadelphia, PA 19104-2891
Telephone: 215.568.3100
Facsimile:  215.568.3439

          Michael J. Swope (*pro hac vice*)
          mswope@bakerlaw.com
          Baker & Hostetler LLP
          999 Third Avenue, Suite 3600
          Seattle, WA 98104-4040
          Telephone:  206.332.1380
          Facsimile:   206.624.7317

          *Attorneys for Plaintiff-Counterdefendant*
          *Guest Tek Interactive Entertainment Ltd.*

## **CERTIFICATE OF SERVICE**

I certify that on January 14, 2019, I electronically filed the foregoing with the Clerk of the United States District Court for the Southern District of Ohio through the CM/ECF system, thereby automatically serving all registered parties.

/s/ Andrew E. Samuels
*Attorney for Plaintiff-Counterdefendant*
*Guest Tek Interactive Entertainment Ltd.*
